UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REMOI CAMPBELL,

    Petitioner,

v.                            Case No: 2:24-cv-138-JES-KCD

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

## ORDER OF DISMISSAL

Before the Court is Petitioner Remoi Campbell's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus by a Person in State Custody. (Doc. 1). The Court reviews Campbell's petition under Rule 4 of the Rules Governing Section 2254 Cases, and concludes that it must be dismissed.

The Antiterrorism Effective Death Penalty Act (AEDPA) governs this action. 28 U.S.C. § 2254. Federal habeas relief may be granted only on a claim adjudicated on the merits in state court if the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. <u>White v. Woodall</u>, 134 S. Ct. 1697, 1702 (2014).

This is the latest in a string of habeas and civil rights actions filed by Mr. Campbell in the past year, and it must be dismissed for the same reasons as the others. Namely, even when construed liberally, the petition does not allege any grounds for habeas (or other) relief. Petitioner uses the prompts on the pre-printed 28 U.S.C. § 2254 form to comment on his experiences in the justice system, list song lyrics, or simply muse upon life. For example, when asked for the name of the court and docket number of his state criminal appeal, Petitioner asserts:

> I have so much people to prove wrong because, "girls use to diss me, now they write letter saying they miss me." I be in that sort of predicament. Coming to America is a success within itself. This is one mighty powerful country. I know this because I have experience with the third world lifestyle and America is just different. I swipe my card and pump my own gas conveniently.

(Doc. 1 at 2-3). When asked why he did not raise his claims in state court before filing his petition, he explains that "Florida is a no fault state, so if someone runs the stop light and hit me their insurance only takes care of them. I don't know what insurance company to pick." (Doc. 1 at 10.) Petitioner also appears to express regret over his decision to reject a plea offer and represent himself at trial, but he does not actually assert any constitutional claims. Instead, he says that he "was

2

interrogated and crucified. They nailed me to the cross like Jesus." (Id. at 5). The remainder of the pleading is unintelligible.

Campbell is plainly not entitled to habeas relief based on this Petition because it does not state anything the Court can construe as a habeas claim. The Court will thus dismiss the Petition. See Section 2254 Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]").

Accordingly, it is

**ORDERED**:

1. This case is **DISMISSED without prejudice.**
2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on this 15th day of February 2024.

*[signature: John E. Steele]*

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies: All Parties of Record

3